## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | |
|---|---|
| RICHARD STEINER, <br> 9641 Homestead Trail <br> Anchorage, Alaska 99507 <br><br>     *Plaintiff,* <br><br> v. <br><br> UNITED STATES DEPARTMENT OF STATE <br> 2201 C Street Northwest, <br> Washington, D.C. 20520 <br><br>     *Defendant.* | CIVIL ACTION NO. 22-1045 <br><br> **COMPLAINT** |

## PRELIMINARY STATEMENT

1. Plaintiff Richard Steiner ("Plaintiff" or "Mr. Steiner") is an international conservation and sustainability consultant in Anchorage, Alaska and a member of the board of directors for Public Employees for Environmental Responsibility ("PEER"). Plaintiff brings this action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, *et seq.*, as amended, to compel the United States Department of State ("Defendant" or "State") to disclose documents requested pursuant to FOIA. Specifically, Plaintiff is seeking records related to the mass stranding of Stejneger's[1] Beaked Whales at Adak, Alaska in July/August 2018.

---
[1] Also pronounced as "Steiner" (no relation)

2. Plaintiff submitted a FOIA request on May 19, 2021, seeking records discussing Marine Scientific Research (MSR) applications submitted to the State Department, (including to the Office of Oceans and Polar Affairs) for 2018, to conduct marine research in U.S. waters of the North Pacific, which may have been responsible for the mass beaching of the whales.

3. To date, Defendant has failed to make a final determination on Plaintiff's FOIA request or to disclose to the Plaintiff all the requested documents within the time stipulated under FOIA.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action under 5 U.S.C. § 552(a)(4)(B). This Court also has federal question jurisdiction over this action under 28 U.S.C. § 1331.

5. This Court has the authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq*.

6. This Court is a proper venue under 5 U.S.C. § 552(a)(4)(B) (providing for venue in FOIA cases where the plaintiff resides, or in the District of Columbia).

7. This Court has the authority to award reasonable costs and attorneys' fees under 5 U.S.C. § 552(a)(4)(E).

## PARTIES

8. Plaintiff is an individual residing in Anchorage, Alaska.

9. Defendant is an agency of the United States under 5 U.S.C. § 552(f)(1).

10. Defendant is charged with the duty to provide public access to records in its possession consistent with the requirements of FOIA. The Defendant's refusal to

provide the Plaintiff with the records requested or make a final a determination on Plaintiff's FOIA request within 20 working days of the date of the request's submission is a violation of FOIA.

## STATEMENT OF FACTS

11. On May 19, 2021, Plaintiff submitted a FOIA request to Defendant seeking:

> any records discussing Marine Scientific Research (MSR) applications submitted to the State Department, (including to the Office of Oceans and Polar Affairs) for 2018, to conduct marine research in U.S. waters of the North Pacific, including U.S. waters along the Aleutian Islands. This request includes records that identify the name of research vessels, from what country or research organization, and precisely what research was to be conducted and where. This is to include any active acoustic sources that were to be used for marine mammal research/location, including use of active sonobuoys or active shipboard sonar; specifications of which sonobuoys were to be deployed and/or shipboard sonar sources; sound frequencies, sound pressure levels, ping repetition rates, depth of sonobuoy deployment, and track lines where such acoustic research was to be conducted. The request includes any reports generated by the MSR vessels conducting the research in 2018. The time period of my request is from 01/01/2018 to 12/31/2018

12. Plaintiff's FOIA request also requested a waiver of fees and expedited processing because the information could verify whether the cause of the largest ever stranding of Stejneger's Beaked Whales was anthropogenic acoustic signals generated in the area at the time and the source of those signals.

13. On May 20, 2021, the U.S. Department of State, Office of Information Programs and Services (IPS) confirmed receipt of Plaintiff's FOIA request, denied his request for expedited processing, and informed him that his request had been placed into the "complex" processing queue.

14. The initial response also stated that IPS would not be able to respond to his request in 20 working days due to "unusual circumstances" which it described as "the need to search for and collect requested records from other Department offices or Foreign Service posts."

15. Plaintiff's FOIA request was assigned tracking number F-2021-06557.

16. On July 11, 2021, 52 days after his request was received and acknowledged, Plaintiff requested an update on the status of the processing of his FOIA request F-2021-06557 by email.

17. On July 14, 2021, IPS responded to his inquiry, stating "Please be advised that your request for an estimated date of completion (EDC) has been noted.  We assure you that we will notify you as soon as an EDC has been determined in your case. We truly appreciate your patience."

18. Nine days later, on July 23, 2021, IPS emailed Plaintiff again, stating that "this request is being processed.  The estimated date of completion (EDC) is October 6, 2022. Please be mindful that EDCs are estimates and are subject to change."

19. Plaintiff responded cheerfully the same day, wishing the IPS FOIA staff to have a great summer and that he would "look forward to your full reply around Oct. 6."

20. On October 8, 2021, Plaintiff emailed IPS asking about his request under the belief that the estimated date of completion would be less than a year away.

21. On October 12, 2021, IPS emailed Plaintiff, stating that the estimated date of completion was in fact October 6, 2022. IPS stated "Due to the COVID-19 pandemic, resources to process FOIA cases are limited at the Department. Therefore, there will

be a delay in processing FOIA requests." No other information was provided for why the department would take ten times longer to process Plaintiff's request than FOIA allows under unusual circumstances.

22. Plaintiff replied the same day, stating that this was an "exceptionally long delay in response. I realize you are short-staffed for this, but this clearly violates the intent of FOIA." He also asked that IPS do what they could to respond "ASAP."

23. Six months later, on March 19, 2022, Plaintiff again inquired about the status of his FOIA request and his request that the agency find a way to respond before October 6, 2022. He explained his concern that the Department of State was "issuing additional Marine Scientific Research (MSR) permits for foreign research vessels in Alaska waters this summer, again without adequate safeguards for marine mammals. Thus, this is indeed a time-critical request. I again ask that you do what you can to respond ASAP."

24. On March 20, 2022, Plaintiff sought an alternate means of accessing the same information. He emailed the State Department Office of Ocean and Polar Affairs (OPA) asking "what Marine Scientific Research (MSR) permits DOS issued for the North Pacific/Alaska region from Jan. 2018 to present."

25. On March 21, 2022, a program officer in OPA responded to Plaintiff, asking him to clarify his question so she could help gather the information he was looking for. In response, Plaintiff explained his intended use for the information, its importance, and its time-sensitivity. He sent three follow-up emails adding to that explanation to ensure he gave a thorough response.

26. On March 22, 2022, IPS replied that his estimated date of completion was unchanged. It continued: "The Department currently has a backlog of FOIA requests. Additionally, due to the COVID-19 pandemic, resources to process FOIA requests at the Department are limited. Therefore, there will be a delay in processing FOIA requests." The backlog of FOIA requests had not previously been cited as a reason for delay.

27. On March 24, 2022, frustrated by the interminable delays in responding to his FOIA request, Plaintiff again asked the OPA Program Officer whether she would be able to help him. She replied the same day stating that "The information you are requesting is under a pending release from the FOIA request you submitted last year."

28. October 6, 2022 is the 344th working day after May 19, 2021.[2]

29. In *Open Society Justice Initiative v. Department of Defense, et al.*, the U.S. District Court for the Southern District of New York reasoned that while "the pandemic and in-person work restrictions" justified some delay in processing FOIA requests, "for various reasons [including the availability of vaccines] the burdens imposed by the pandemic are likely to decline over time." 1:20-cv-05096-JMF at 2-3 (Dec. 15, 2020) (Doc. 69). It ordered the defendants in that action, including the U.S. Department of State, to increase production rates from the proposed 300 pages per month to 2,000 pages per month by June 2021. The court acknowledged the burdens of the COVID-

---

[2] Calculated as 506 calendar days less 72 weekends and 18 public holidays.

19 pandemic, but that "these burdens must be carried to comply with Congress's goal of broad and timely disclosure."

30. Since March 24, 2022, Plaintiff has received no further communication from Defendant concerning his FOIA request.

31. To date, Plaintiff has received no documents in response to his FOIA request and Defendant has yet to make a final determination on his FOIA request.

## CAUSE OF ACTION

32. Plaintiff incorporates the allegations in the preceding paragraphs as though fully set forth herein.

33. FOIA requires federal agencies to respond to public requests for records, including files maintained electronically, to increase public understanding of the workings of government and to provide access to government information.  FOIA reflects a "profound national commitment to ensuring an open Government" and agencies must "adopt a presumption in favor of disclosure."  Presidential Mem., 74 Fed. Reg. 4683 (Jan. 21, 2009).

34. The timely disclosure of records is essential to the core purpose of FOIA. U.S. DEPARTMENT OF JUSTICE FOIA GUIDELINES § C. ¶ 4 (Mar. 15, 2022), https://www.justice.gov/ag/page/file/1483516/download

35. FOIA requires agencies to determine within 20 working days after the receipt of any FOIA request whether to comply with the request. 5 U.S.C. § 552(a)(6)(A)(i). Agencies may only extend this time period for an additional 10 working days in "unusual

circumstances." 5 U.S.C. § 552(a)(6)(B)(i). FOIA also provides that upon request, agencies are to make records "promptly available." 5 U.S.C. § 552(a)(3)(A).

36. Thirty working days from May 19, 2021, was July 6, 2021.

37. As of the date of this filing, Plaintiff has not received a final determination on his FOIA request.

38. Administrative remedies are deemed exhausted when an agency fails to comply with the applicable time limits. 5 U.S.C. § 552(a)(6)(C)(i). Having exhausted his administrative remedies for his May 19, 2021, FOIA request, Plaintiff now turns to this Court to enforce the remedies and public access to agency records guaranteed by FOIA.

39. Defendant's conduct amounts to a denial of Plaintiff's FOIA request. Defendant is frustrating Plaintiff's efforts to adequately understand and educate the public regarding the mass death of marine mammals in the North Pacific and whether that death was caused by human activities permitted by the State Department.

40. Plaintiff has constructively exhausted his administrative remedies under 5 U.S.C. § 552(a)(6)(C)(i), and now seeks an order from this Court requiring the Defendant to immediately produce the records sought in Plaintiff's FOIA request, as well as other appropriate relief, including attorneys' fees and costs.

41. Defendant's failure to make determinations on or disclose the documents requested in Plaintiff's FOIA request within the time frame mandated under FOIA is a denial and wrongful withholding of records in violation of 5 U.S.C. § 552.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court:

i.  Enter an order declaring that Defendant wrongfully withheld requested agency documents;

ii.  Issue a permanent injunction directing Defendant to disclose to Plaintiff all wrongfully withheld documents;

iii.  Maintain jurisdiction over this action until Defendant is in compliance with FOIA, the Administrative Procedure Act, and every order of this Court;

iv.  Award Plaintiff attorney fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E); and

v.  Grant such additional and further relief to which Plaintiff may be entitled.

Respectfully submitted on April 14, 2022,

___/s/ Hudson Kingston_____
Hudson B. Kingston, DC Bar # 1007702

Kevin H. Bell
NY Bar No. 5448626 (pending local admission)
Public Employees for Environmental Responsibility
962 Wayne Ave, Suite 610
Silver Spring, MD 20910
(202) 265-7337
*Attorneys for Plaintiff*